```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION


UNION BENEFICA MEXICANA,         )
                                 )
             Plaintiff           )
                                 )
         v.                      )   CIVIL NO. 2:11 cv 482
                                 )
STATE OF INDIANA; MITCH DANIELS,)
Governor in his official         )
capacity; GREG ZOELLER, Attorney)
General of Indiana in his        )
official capacity; BERNARD A.    )
CARTER, County Prosecutor of     )
Lake County in his official      )
capacity; JOHN BUNCICH, County   )
Sheriff of Lake County in his    )
official capacity; BRIAN GENSEL,)
County Prosecutor of Porter      )
County in his official capacity;)
DAVID LAIN, County Sheriff of    )
Porter County in his official    )
capacity; BOB SZILAGYI, County   )
Prosecutor of LaPorte County in )
his official capacity; MICHAEL   )
MOLLENHAUER, County Sheriff of   )
LaPorte County in his official   )
capacity,                        )
                                 )
             Defendants          )
```

OPINION AND ORDER

This matter is before the court on the Motion for Stay of Proceedings [DE 42] filed by the defendants, State of Indiana, Governor Mitch Daniels, Prosecutor Bernard Carter, Prosecutor Brian Bob Szilagyi, and Attorney General Greg Zoeller, on February 14, 2012, and the Joinder in State Defendants' Motion for Stay of Proceedings [DE 44] filed by the defendants, John Bun-

cich, David Lain, and Michael Mollenhauer, on February 16, 2012. For the following reasons, the motions are **GRANTED.**

Background

On April 29, 2011, the Indiana Legislature enacted Senate Bill 590. One provision of SB 590, Indiana Code §22-4-29.5, authorizes the Department of Workforce development to file civil actions against employers to obtain reimbursement of amounts paid as unemployment compensation to any of the employer's workers if it is discovered that the employer knowingly employed unauthorized aliens. Indiana Code §22-5-6 prohibits individuals from commencing day labor without completing an attestation of employment and provides that a law enforcement officer may submit a complaint to USCIS concerning violations if he has probable cause to believe an individual has violated this section.

The plaintiff, Union Benefica Mexicana, is a non-profit membership organization whose mission is to provide cultural, educational, and health programs to the Hispanic community in Northwest Indiana. The members of UBM include U.S. citizens, legal permanent residents, and undocumented individuals, and both business owners and workers, including day laborers. UBM represents that its organizational goals will be negatively impacted by SB 590 because the organization will have a more difficult time encouraging members to partake in various activities. UBM

fears that its current and prospective members will be deterred from seeking immigration relief because local law enforcement will stop and detain them notwithstanding their application for relief.

UBM filed a complaint on December 20, 2011, challenging the constitutionality of Indiana Code §§22-4-39.5 and 22-5-6 and requesting declaratory and injunctive relief.  UBM complains that Congress has created a comprehensive system of federal laws regulating and enforcing immigration and that the federal government has exclusive power over immigration.

The Ninth Circuit addressed a similar argument in *United States v. Arizona*, 641 F.3d 339 (9th Cir. 2011).  The question before the Ninth Circuit was whether Arizona's statute giving state and federal officers the discretion to, "without a warrant, . . . arrest a person if the officer has probable cause to believe . . . [t]he person to be arrested has committed any public offense that makes the person removable from the United States," was preempted by federal law.  *Arizona*, 641 F.3d at 360-61.  The matter is now pending before the Supreme Court.  The defendants move to stay this case pending the Supreme Court's ruling on this matter.

## Discussion

A court has incidental power to stay proceedings, which

3

stems from its inherent power to manage its docket. *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936); *Walker v. Monsanto Co. Pension Plan*, 472 F.Supp.2d 1053, 1054 (S.D. Ill. 2006). The decision to grant a stay is committed to the sound discretion of the court and must be exercised consistent with principles of fairness and judicial economy. *Brooks v. Merck & Co.*, 443 F.Supp.2d 994, 997 (S.D. Ill. 2006); *Rutherford v. Merck & Co.*, 428 F.Supp.2d 842, 845 (S.D. Ill. 2006); *George v. Kraft Foods Global*, 2006 U.S. Dist. LEXIS 92886, *4 (S.D. Ill. 2006). "Courts often consider the following factors when deciding whether to stay an action: (i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Abbott Laboratories v. Matrix Laboratories, Inc.*, 2009 WL 3719214, *2 (N.D. Ill. 2009). "The general test for imposing a stay requires the court to 'balance interests favoring a stay against interests frustrated by the action' in light of the 'court's paramount obligation to exercise jurisdiction timely in cases properly before it.'" *SanDisk Corp. v. Phison Electronics Corp.*, 538 F.Supp.2d 1060, 1066 (W.D. Wis. 2008) (*citing*

*Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997)).

It is within the court's discretion to stay a case pending the resolution of a matter between different litigants in another tribunal that may be dispositive of the issues before the court. See *Landis*, 299 U.S. at 255, 57 S.Ct. at 166.  The pending litigation in the alternate tribunal need not involve the same parties or resolve every question of law or fact, provided the issues are substantially similar.  When the litigants are not the same in the action before the other tribunal, the moving party must make a "clear case of hardship or inequity in being required to go forward" if the non-moving party can establish that it would be harmed by delay.  It is rare that "a litigant in one cause [will] be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both."  See *Landis*, 299 U.S. at 255, 57 S.Ct. at 166.

The plaintiff argues that its members will continue to suffer serious violations of their constitutional rights if this matter is subject to stay pending the Supreme Court's ruling in *Arizona*.  Its members who are employers may be subject to civil actions by the government to obtain reimbursement for unemployment payments, and other members may be forced to complete an attestation of employment authorization to perform day labor.

The prospective harm appears speculative at best.  The plaintiff does not allege that its members currently are facing the threat of civil litigation or penalty for failing to sign an attestation.  The fact that at some unknown time in the future its members may be harmed does not demonstrate that the plaintiff will face a continuing harm if this matter is not expedited.

The plaintiff's primary theory is that the federal government has exclusive power over immigration.  This is the very issue before the Supreme Court in *Arizona*.  The plaintiff tries to distinguish its argument because *Arizona* addresses the question of preemption in the context of law enforcement, whereas this matter concerns preemption in the employment context.  In any case, regardless of the outcome, the Supreme Court's decision will provide significant guidance on whether federal law preempts SB 580 and will govern how the parties choose to proceed.  The Supreme Court heard oral arguments in *Arizona* on April 25, 2012, and a decision should be reached this month.  The minimal delay will promote the efficient resolution of this matter.  Issuing a stay not only will streamline the issues, but once the parties are aware of how the issues will be defined in light of the Supreme Court's ruling, it will reduce the burden of litigation.  Rather than subject the parties to ongoing litigation that may prove unnecessary upon the Supreme Court's ruling, the court

finds that it is in the best interest to stay this matter pending the decision in *Arizona*.

_____

Based on the foregoing reasons, the Motion for Stay of Proceedings [DE 42] filed by the defendants, State of Indiana, Governor Mitch Daniels, Prosecutor Bernard Carter, Prosecutor Brian Bob Szilagyi, and Attorney General Greg Zoeller, on February 14, 2012, and the Joinder in State Defendants' Motion for Stay of Proceedings [DE 44] filed by the defendants, John Buncich, David Lain, and Michael Mollenhauer, on February 16, 2012, are **GRANTED**.

ENTERED this 6th day of June, 2012

                                            s/ ANDREW P. RODOVICH
                                               United States Magistrate Judge